UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-42-FDW
(5:03-cr-12-FDW-2)

| | |
|---|---|
| ERIC BERNARD SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine base. (5:03-cr-12, Doc. No. 234). The court sentenced him to life imprisonment for the conspiracy and 360 months, concurrent, for the possession, followed by 10 years of supervised release. (5:03-cr-12, Doc. No. 279). The Fourth Circuit Court of Appeals affirmed his convictions and sentence, United States v. Smith, 451 F.3d 209 (4th Cir. 2006), and the United States Supreme Court denied certiorari, Smith v. United States, 549 U.S. 892 (2006).

Petitioner filed a § 2255 Motion to Vacate on October 15, 2007, case number 5:07-cv-115. After considering Petitioner's claims on the merits, the Court granted the Government's motion for summary judgment and dismissed. Smith v. United States, 2009 WL 513092 (W.D.N.C. Feb. 26, 2009). Petitioner did not appeal.

1

On August 6, 2012, Petitioner filed a petition for authorization to file a second or successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2244, which the Fourth Circuit denied on August 27, 2012, case number 12-278.

On November 9, 2012, Petitioner filed a second § 2255 Motion to vacate, case number 5:12-cv-170. The Court dismissed the § 2255 petition as successive, and denied the petition insofar as Petitioner sought relief pursuant to 28 U.S.C. § 2241, *coram nobis* and *audita querela*. Smith v. United States, 2012 WL 6093493 (W.D.N.C. Dec. 7, 2012). The Fourth Circuit dismissed in part and affirmed in part. United States v. Smith, 698 Fed. Appx. 155 (4th Cir. 2017).

Meanwhile, Petitioner filed a second petition for authorization to file a second or successive § 2255 motion to vacate in the Fourth Circuit on or about March 19, 2013, which was denied on April 5, 2013, case number 13-196.

Petitioner filed the instant § 2255 Motion to Vacate, his third, on February 28, 2018. He argues that his life sentence is illegal and that he should be resentenced without a recidivist enhancement.

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Presently before the Court is Petitioner's third § 2255 Motion to Vacate. He has previously filed a § 2255 petition that was resolved on the merits. Petitioner has not obtained leave from the Fourth Circuit to file the instant § 2255 Motion to Vacate and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge